Saiyad Wajid HUSSEIN, Petitioner,

v.

Michael B. MUKASEY, Attorney
General, Respondent.

No. 04–75995.

United States Court of Appeals,
Ninth Circuit.

Submitted Oct. 16, 2008 *.

Filed Nov. 19, 2008.

Saiyad Wajid Hussein, pro se.

Jerry R. Demaio, Esquire, U.S. Immigration and Customs Enforcement Office of the Chief Counsel, Boston, MA, Richard M. Evans, Esquire, Assistant Director, OIL, U.S. Department of Justice, Washington, DC, Ronald E. Lefevre, Office of the District Counsel Department of Homeland Security, San Francisco, CA, for Respondents.

Before: LEAVY, RYMER, and THOMAS, Circuit Judges.

## MEMORANDUM **

Saiyad Wajid Hussein, a native and citizen of Fiji, petitions for review of the Board of Immigration Appeals' order summarily affirming an immigration judge's ("IJ") decision denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). Our jurisdiction is governed by 8 U.S.C. § 1252. We review for substantial evidence, *INS v. Elias–Zacarias*, 502

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

U.S. 478, 481 n. 1, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992), and we dismiss in part and deny in part the petition for review.

We lack jurisdiction to consider Hussein's request for a humanitarian grant of asylum because he failed to exhaust it before the BIA. *See Barron v. Ashcroft,* 358 F.3d 674, 676–77 (9th Cir. 2004).

Even if Hussein established changed circumstances to excuse his untimely filed asylum application, substantial evidence supports the IJ's denial of asylum on the merits. *See Prasad v. INS,* 47 F.3d 336, 339–40 (9th Cir.1995). The three incidents that occurred to Hussein when he was in Fiji did not rise to the level of persecution, *see id.,* and the attack on his wife after he left Fiji does not establish it is likely he will be persecuted on account of a protected ground if he returns, *see Rostomian v. INS,* 210 F.3d 1088, 1089 (9th Cir.2000) (upholding agency decision that random violence during period of civil strife is insufficient to support a grant of asylum).

Because Hussein did not establish asylum eligibility, it necessarily follows that he did not satisfy the more stringent standard for withholding of removal. *See Zehatye v. Gonzales,* 453 F.3d 1182, 1190 (9th Cir.2006).

Substantial evidence also supports the denial of CAT relief because Hussein has not demonstrated that it is more likely than not that he will be tortured if he returns to Fiji. *See Malhi v. INS,* 336 F.3d 989, 993 (9th Cir.2003).

On November 15, 2006, Hussein's counsel, Ashwani K. Bhakhri, filed a motion to withdraw as counsel. The motion is granted. Accordingly, the Clerk shall amend the docket to reflect that Hussein is proceeding pro se and that his address is: 1325 Venice Circle, Stockton, CA, 95206.

**PETITION FOR REVIEW DISMISSED in part; DENIED in part.**